IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD CLIFTON, | |
| Plaintiff, | |
| v. | Civil Action No. 25-67-GBW |
| NATIONWIDE GENERAL INSURANCE COMPANY, | |
| Defendant. | |

**MEMORANDUM ORDER**

Plaintiff Richard Clifton ("Mr. Clifton" or "Plaintiff") filed his Complaint (D.I. 1-1) against Defendant Nationwide General Insurance Company ("Nationwide" or "Defendant") in the Delaware Superior Court. *See* D.I. 1 ¶ 1. "Nationwide [] remove[d] th[e] action from the Superior Court for the State of Delaware to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446." *Id.* ¶ 15. Plaintiff's Motion to Remand (D.I. 3) ("Motion") "requests that this Honorable Court Remand the [] matter back to the Superior Court of the State of Delaware." D.I. 3 at 3.[1] For the following reasons, the Court denies the Motion.

I. **BACKGROUND**[2]

"Clifton is an individual residing in . . . Milford, DE." D.I. 1-1 ¶ 1. "Nationwide is . . . a company doing business in the State of Delaware, and headquartered at . . . Ohio." *Id.* ¶ 3.

---

[1] Defendant did not file any briefs in support of his Motion. Plaintiff filed an opposition brief. *See* D.I. 5.
[2] "The following facts are taken from the allegations in the Complaint." *XAPT Corp. v. Deere & Co., Inc.*, No. CV 20-477-CFC, 2020 WL 4748066, at *1 n.1 (D. Del. Aug. 17, 2020); *see Chipego v. Allergan, Inc.*, No. 221CV16010BRMESK, 2022 WL 131139, at *1 n.2 (D.N.J. Jan. 14, 2022).

"Plaintiff contracted with Nationwide . . . to insure his [Delaware] residence." *Id.* ¶ 4. "On or before January 17, 2021, Plaintiff began to notice copious amounts of water leaking into his basement." *Id.* ¶ 7. "Plaintiff filed a claim with Nationwide on or about January 17, 2021." *Id.* ¶ 8. "Nationwide denied the claim on or about February 3, 2021." *Id.* ¶ 11. "On or about November 29, 2022, Plaintiff obtained a contractor estimate that the leak repairs will cost in excess of $94,000.00." *Id.* ¶ 13.

Plaintiff's Complaint includes three counts: (1) "Breach of Contract"; (2) "Breach of Implied Covenant of Good Faith and Fair Dealing"; and (3) "Breach of Implied Covenant of Good Faith and Fair Dealing." *Id.* ¶¶ 16-21 (first quote) (capitalization and emphasis altered), 22-25 (second quote) (capitalization and emphasis altered), 26-28 (third quote) (capitalization and emphasis altered).

## II. LEGAL STANDARDS

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). "Congress has granted those courts jurisdiction over two main kinds of cases." *Id.*

### A. Diversity Cases

"District courts have power to decide diversity cases—suits between citizens of different States as to any matter valued at more than $75,000." *Id.* (citing 28 U.S.C. § 1332(a)); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

### B. Removal and Remand

"[D]efendant[s] may only remove a civil action to federal court if the plaintiff could have originally filed the action in federal court." *Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 180 (3d Cir. 2023). "Defendants, as the parties seeking to remove the case to federal court, bear the burden of establishing federal jurisdiction." *Rowland*, 73 F.4th at 180; *see Brown v. Jevic*,

575 F.3d 322, 326 (3d Cir. 2009) ("The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court."). "The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015); *see Brown*, 575 F.3d at 326 ("Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand.").

### III.    DISCUSSION

As explained earlier, Plaintiff seeks to remand this action back to the Delaware Superior Court. Defendant contends that remanding this action would be improper because there is no dispute that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. *See* D.I. 5 at 2. As explained below, at this stage, the Court finds that Defendant has satisfied its "burden of establishing federal jurisdiction." *Rowland*, 73 F.4th at 180.

In this instance, "[s]ince this case was removed to federal court, diversity must have existed both at the time the . . . state court complaint was filed and at the time of removal." *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150-51 (3d Cir. 2017), *as amended* (Apr. 19, 2017); *see Facta Health Inc. v. Pharmadent LLC*, No. 23-2224, 2024 WL 4345299, at *2 (3d Cir. Sept. 30, 2024) (nonprecedential) ("Diversity jurisdiction must exist at the time the complaint was filed and at the time of removal, and the burden is on the moving party to establish federal jurisdiction.").

First, as explained below, the Court finds that Defendant has established an amount in controversy that is sufficient for jurisdiction under 28 U.S.C. § 1332.

"When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014); *see Royal Canin*, 604 U.S. at 38 n.8. "The burden of establishing the amount in

3

controversy in removal cases rests on the defendant." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 222 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *see Johnson v. Organo Gold Int'l, Inc.*, 146 F. Supp. 3d 590, 593 (D. Del. 2015) ("A defendant 'seeking removal [and to defeat remand] has the burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.'") (alterations in original) (quoting *Rudolph v. Taylor*, No. CIV. 03-505-SLR, 2004 WL 51270 (D. Del. Jan. 5, 2004)).[3]

In this instance, Plaintiff himself has alleged that the matter is valued at more than $75,000. *See* D.I. 1-1 ¶ 13 ("Plaintiff obtained a contractor estimate that the leak repairs will cost in excess of $94,000.00."). Moreover, Plaintiff has not disputed Defendant's assertion that "Plaintiff does not challenge . . . the amount in controversy." D.I. 5 at 2. Thus, the Court finds that Defendant has established an amount in controversy that is sufficient for jurisdiction under 28 U.S.C. § 1332. *See Ferrari v. Forbes Media LLC*, No. CV 25-12-GBW, 2025 WL 860064, at *3 (D. Del. Mar. 19, 2025); *Higgins v. Novartis Pharms. Corp.*, No. CV 25-247 (MN), 2025 WL 1397045, at *1 (D. Del. May 14, 2025).

Second, as explained below, the Court finds that Defendant has established complete diversity.

When removal is based on diversity of citizenship, a diversity requirement must be met. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). The burden of establishing diversity in removal cases rests on the defendant. *See Base10 Genetics, Inc. v. AGEMO Holdings, LLC*, No. 23-CV-14, 2023 WL 8716832, at *2 (D. Del. Dec. 18, 2023).

---

[3] "For removal actions under 28 U.S.C. § 1446, courts within the Third Circuit have applied several tests to determine whether the amount in controversy surpasses the jurisdictional threshold." *Fitchett v. PetMed Express, Inc.*, No. 2:24-CV-710, 2024 WL 3937226, at *2 (W.D. Pa. Aug. 26, 2024).

4

"Most rules for determining the citizenship of natural persons and business entities are well-established. The citizenship of a natural person is the state where that person is domiciled. The citizenship of a corporation is both its state of incorporation and the state of its principal place of business.[4] A partnership, as an unincorporated business entity, assumes the citizenship of all its partners. Likewise, a limited liability company is a citizen of all the states of its members." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citations omitted).

In this instance, Defendant asserts that there is complete diversity because "Clifton is a resident of the State of Delaware[,] [w]hereas Nationwide is an Ohio corporation with a principal place of business in Ohio." D.I. 1 ¶ 5. Moreover, Plaintiff has not disputed Defendant's assertion that "Plaintiff does not challenge the citizenship of either party." D.I. 5 at 2. Thus, the Court finds that Defendant has established complete diversity between the sides at the time Plaintiff's Complaint (D.I. 1-1) was filed. *See Smith v. Indep. Ord. of Foresters*, No. CV 24-658-GBW, 2024 WL 4275765, at *1 (D. Del. Sept. 24, 2024); *Higgins*, 2025 WL 1397045, at *1.[5]

As explained above, at this stage, Defendant has established that the pending action is a diversity case properly removed to this Court. As Defendant has met its burden in establishing

---

[4] Under 28 U.S.C. § 1332, a proviso may apply "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant[.]" 28 U.S.C. § 1332(c)(1). In this instance, neither party contends the preceding 28 U.S.C. § 1332 proviso is applicable. Moreover, it does not appear that this action fits within the meaning of "direct action." *See McGlinchey v. Hartford Acc. & Indem. Co.*, 866 F.2d 651, 652-53 (3d Cir. 1989); *Brooks-McCollum v. State Farm Ins. Co.*, 321 F. App'x 205, 208 (3d Cir. 2009) (nonprecedential).

[5] "[N]o changes in citizenship after the time of filing . . . can create or destroy diversity." *In re Lipitor Antitrust Litig.*, 855 F.3d at 151; *see Royal Canin*, 604 U.S. at 36 n.5.

diversity jurisdiction, at this stage, the Court does not remand this action. *See Higgins*, 2025 WL 1397045, at *1.

IV. **CONCLUSION**

For the foregoing reasons, the Court denies the Motion.[6]

\* \* \*

WHEREFORE, at Wilmington this 25th day of July 2025, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (D.I. 3) is **DENIED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[6] "The Court reminds [Plaintiff's] counsel that representations to the Court are bound by Rule 11(b) of the Federal Rules of Civil Procedure." *Smith*, 2024 WL 4275765, at *3. "Counsel shall not, for example, make any legal contentions to the Court that are not 'warranted by existing law or by a nonfrivolous argument.'" *Id.* (quoting Fed. R. Civ. P. 11(b)(2)).