IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD CLIFTON,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 25-67-GBW |

Christofer Curtis Johnson, THE JOHNSON FIRM LLC, Wilmington, DE.

*Counsel for Plaintiff*

Louis J. Rizzo, Jr., REGER RIZZO & DARNALL LLP, Wilmington, DE.

*Counsel for Defendant*

**MEMORANDUM OPINION**

July 29, 2025
Wilmington, Delaware

_[signature]_

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Plaintiff Richard Clifton ("Mr. Clifton" or "Plaintiff") filed his Complaint (D.I. 1-1) against Defendant Nationwide General Insurance Company ("Nationwide" or "Defendant") in the Delaware Superior Court. *See* D.I. 1 ¶ 1.[1] "Nationwide [] remove[d] th[e] action from the Superior Court for the State of Delaware to the United States District Court for the District of Delaware[.]" *Id.* ¶ 15.

Pending before the Court is Defendant's Motion to Dismiss Counts II and III of the Complaint (D.I. 7) ("Defendant's Motion"), which has been fully briefed (*see* D.I. 7-1; D.I. 11; D.I. 12-1).[2] For the following reasons, the Court grants-in-part and denies-in-part Defendant's Motion.

I. **BACKGROUND**

"Clifton is an individual residing in . . . Milford, DE." D.I. 1-1 ¶ 1. "Nationwide is . . . a company doing business in the State of Delaware, and headquartered at . . . Ohio." *Id.* ¶ 3.

"Plaintiff contracted with Nationwide . . . to insure his [Delaware] residence." *Id.* ¶ 4. "On or before January 17, 2021, Plaintiff began to notice copious amounts of water leaking into his basement." *Id.* ¶ 7. "Plaintiff filed a claim with Nationwide on or about January 17, 2021." *Id.* ¶ 8. "Nationwide denied the claim on or about February 3, 2021." *Id.* ¶ 11. "On or about November 29, 2022, Plaintiff obtained a contractor estimate that the leak repairs will cost in excess of $94,000.00." *Id.* ¶ 13.

---

[1] The Court writes for the benefit of the parties and assumes familiarity with the case.

[2] Both sides have submitted briefs that fails to comply with Local Rule 7.1.3. *See Biogen Inc. v. Sandoz Inc.*, No. CV 22-1190-GBW, ECF No. 665-1 at PageID 63240 (D. Del. Apr. 3, 2025).

Plaintiff's Complaint includes three counts: (1) "Breach of Contract"; (2) "Breach of Implied Covenant of Good Faith and Fair Dealing"; and (3) "Breach of Implied Covenant of Good Faith and Fair Dealing." *Id.* ¶¶ 16-21 (first quote) (capitalization and emphasis altered), 22-25 (second quote) (capitalization and emphasis altered), 26-28 (third quote) (capitalization and emphasis altered).[3]

Defendant's Motion challenges Count II and Count III of Plaintiff's Complaint. *See* D.I. 7 at 1.

In Count II, Plaintiff asserts that "Nationwide breached the implied covenant of good faith and fair dealing against Plaintiff by unfairly denying the claim, without proper prior knowledge of foundational issues on the subject property." D.I. 1-1 ¶ 25.

In Count III, Plaintiff asserts that "Defendant denied Plaintiff's claims in bad faith by, and among other conduct, (a) failing or refusing to perform a fair, objective, and thorough investigation of the claims as required by the Delaware Insurance Code; (b) asserting coverage defenses that were legally and/or factually invalid and thereby delaying resolution of Plaintiff's claims; (c) placing unduly restrictive interpretations on the policy terms for the purpose of denying coverage due under the policy; (d) failing to give Plaintiff's interests equal consideration with its own; and (e) forcing Plaintiff to institute litigation to recover amounts due under the policy." *Id.* ¶ 28.

## II.  JURISDICTION

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). "District courts have power to decide diversity cases—suits between citizens of different States as to any

---

[3] As Defendant notes, "Count III (¶¶ 26-28) is titled 'breach of the implied covenant of good faith and fair dealing,' but Plaintiff alleges therein that Nationwide allegedly acted in 'bad faith.'" D.I. 7-1 at 4.

matter valued at more than $75,000." *Id.* (citing 28 U.S.C. § 1332(a)); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

As the Court explained when denying Plaintiff's Motion to Remand (D.I. 3), "Defendant has established that the pending action is a diversity case." *Clifton v. Nationwide Gen. Ins. Co.*, No. CV 25-67-GBW, 2025 WL 2097364, at *3 (D. Del. July 25, 2025).

### III.  LEGAL STANDARD

#### A.  Motion to Dismiss

"To state a viable claim, a plaintiff must offer a short and plain statement showing that he is entitled to relief, including 'allegations plausibly suggesting (not merely consistent with)' such entitlement." *Bah v. United States*, 91 F.4th 116, 119 (3d Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[A]t the motion-to-dismiss stage, the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (some alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)); *see Falcone v. Dickstein*, 92 F.4th 193, 202 (3d Cir. 2024) ("We accept the plaintiffs' well pled factual allegations as true and draw all reasonable inferences in their favor."). "In ruling on a motion to dismiss," a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (quoting 556 U.S. at 678); *see Falcone*, 92 F.4th at 202 ("[W]e disregard unsupported conclusions or legal conclusions couched as factual allegations.").

Thus, "[t]he primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether they are entitled to offer evidence to establish the facts alleged in the complaint." *Fenico v. City of Philadelphia*, 70 F.4th 151, 161 (3d Cir. 2023). In other words, "when a complaint adequately states a claim, it may not be dismissed based on a

3

district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

## IV.   DISCUSSION

For the following reasons, the Court grants-in-part and denies-in-part Defendant's Motion.

### A.   The Court Applies Delaware's Choice-of-Law Rules

"When federal jurisdiction is based on diversity of citizenship, the Court applies the forum state's choice-of-law rules." *Stokes v. Markel Am. Ins. Co.*, 595 F. Supp. 3d 274, 284 (D. Del. 2022); *see Zanetich v. Wal-Mart Stores E., Inc.*, 123 F.4th 128, 140 (3d Cir. 2024) ("[A] federal court sitting in diversity is obligated to apply state substantive law, as determined by the choice-of-law rules of the forum state.").[4]

In this instance, "[a]s a federal court exercising jurisdiction over state-law claims, [the Court] appl[ies] the choice-of-law rules of Delaware, the forum state." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 358 (3d Cir. 2007), *as amended* (Oct. 12, 2007); *see Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 642 (3d Cir. 1989) ("If the case were heard in Delaware, the district court would, in a diversity case, apply the choice of law rules of Delaware, the forum state."). "Delaware courts look to the Restatement (Second) of Conflict of Laws for guidance in choice of law disputes." *In re Teleglobe Commc'ns Corp.*, 493 F.3d at 358 (quoting *Gloucester Holding Corp. v. U.S. Tape & Sticky Prods., LLC*, 832 A.2d 116, 124 (Del. Ch. 2003)); *see RSUI Indem. Co. v. Murdock*, 248 A.3d 887, 896 (Del. 2021).

---

[4] "[A] choice-of-law rule [] [is] a means of selecting which jurisdiction's law governs the determination of liability." *Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 112, (2022).

4

B.  **The Court Does Not Exclude Matters Outside the Pleadings**

Defendant has presented the Court with materials outside the pleadings. *See* D.I. 7-1 at 6 ("Here, the Complaint identifies the Donan Report, the denial letter, and the policy. Complaint ¶¶ 8, 9, 11, 12. Those documents are attached to Nationwide's Motion as Exhibits 2-4, respectively."). "[I]t is well established that a motion to dismiss may be decided based only on the 'complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 197 (3d Cir. 2019) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)); *see U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 845 (3d Cir. 2014) ("[A] court may consider matters outside the pleadings in a factual challenge, but must take the complaint at face value and construe it as true in a facial challenge."). As discussed below, the Court does not exclude Defendant's exhibits and does not convert Defendant's Motion into a summary judgment motion.

"Pursuant to Federal Rule of Civil Procedure 12(d), '[i]f, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Kickflip, Inc. v. Facebook, Inc.*, 999 F. Supp. 2d 677, 682 (D. Del. 2013) (alterations in original). "This process is known as 'conversion.'" *Id.* "However, a Court may consider, without converting, 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.'" *Id.* (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). "The Third Circuit has explained that '[p]laintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them.'" *Id.* (alterations in original) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

5

Defendant contends that the Court should consider the exhibits to Defendant's Motion because those exhibits are sufficiently referenced in or integral to Plaintiff's Complaint. *See* D.I. 7-1 at 3 n.2, 6.

Importantly, Plaintiff does not dispute Defendant's assertion that the Court should consider Defendant's exhibits without converting Defendant's Motion into a summary judgment motion. *See generally* D.I. 11. "It is for the *parties*—not the [C]ourt—to chart the course of the litigation." *Astellas Pharma, Inc. v. Sandoz Inc.*, 117 F.4th 1371, 1378 (Fed. Cir. 2024). Hence, "[w]hen a responding party fails to defend against an issue which is the subject of a motion, courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct." *In re Wilmington Tr. Sec. Litig.*, No. 10-cv-990-SRF, 2017 WL 2467059, at *2 (D. Del. June 7, 2017); *see Giffing v. Appoquinimink Sch. Dist.*, No. CV 23-457 (MN), 2023 WL 8764657, at *2 (D. Del. Dec. 19, 2023).

Thus, at this stage, the Court will consider the exhibits to Defendant's Motion. *See JPMorgan Chase Bank, Nat'l Ass'n v. Argus Info. & Advisory Servs. Inc.*, 765 F. Supp. 3d 367, 376 (D. Del. 2025) ("Before interpreting the contracts, I must answer a threshold question: whether I can even consider the parts of the contracts cited by defendants. These provisions were not mentioned in the complaint, so ordinarily I could not consider them on a motion to dismiss. Fed. R. Civ. P. 12(d). But I can consider the contracts in full if the complaint relies on them.").[5]

---

[5] The Court is mindful that "[o]ur Court of Appeals has regularly held that a district court, in ruling on a [Rule 12] motion . . ., can only consider materials outside the pleadings to esta[b]lish the truth of their existence, not the truth of their contents." *Lupin Atlantis Holdings v. Ranbaxy Lab'ys, Ltd.*, No. 10-3897, 2011 WL 1540199, at *3 n.8 (E.D. Pa. Apr. 21, 2011); *see, e.g., Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) ("We have held, for example, that 'we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion.' So, too, with a public record, which may be considered 'not for the truth of its contents, but rather as evidence of the information provided [that was relevant to the

6

## C.   The Court Applies the Federal Pleading Standard

To the extent that Plaintiff asserts that his Complaint should not be evaluated under the federal pleading standard, *see* D.I. 11 ¶¶ 16-21, the Court disagrees.  As explained below, "[a] federal court sitting in diversity applies the federal pleading requirements even when 'the claim pleaded arises under state rather than federal law.'" *Mitchell v. 3 Point Atheltics LLC*, No. 1:21-CV-02616, 2022 WL 846536, at *2 (N.D. Ill. Mar. 22, 2022) (quoting *Muick v. Glenayre Elecs.*, 280 F.3d 741, 743 (7th Cir. 2002) (Posner, J.)).

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996); *see Berk v. Choy*, No. 23-1620, 2024 WL 3534482, at *1 (3d Cir. July 25, 2024) (nonprecedential) (similar). Thus, "[t]he Federal Rules are the default rules in civil litigation" in federal courts. *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 436 (2023); *see Barlow v. Delhaize Grp.*, No. C.A. 08-565-MPT, 2009 WL 1391413, at *6 n.33 (D. Del. May 15, 2009) ("[T]he applicable procedural rules are the Federal Rules of Civil Procedure and this [C]ourt's local rules, not the procedural rules of a state court."). Accordingly, Plaintiff's Complaint must satisfy the pleading standard set forth in the Federal Rules of Civil Procedure. *Cf. Abdellatif v. Alza Wrae Indus. Co.*, No. CV 18-2297, 2019 WL 1284689, at *9 (E.D. Pa. Mar. 20, 2019).

---

dispute].'") (alterations in original) (citations omitted); *Rice v. Nathan Rice, Inc.*, No. 2:21-CV-00090-RJC, 2022 WL 3716551, at *1 (W.D. Pa. May 18, 2022) ("In support of their requested relief, Plaintiffs rely on deposition testimony, a response to an interrogatory, and an email sent by Defendants' counsel to Plaintiffs' counsel. For purposes of judicial notice, the representations set forth in these documents cannot be accepted for the truth of the matter asserted."); *Ricoh Co. v. Oki Data Corp.*, No. CV. 09-694-SLR, 2010 WL 3908603, at *4 (D. Del. Sept. 30, 2010) ("[E]ven if the [C]ourt were to take judicial notice . . . , it would be improper to take notice of the truth of the contents of these documents.").

### D. Plaintiff Has Conceded, and the Court Finds, That Counts II-III are Not Sufficiently Plead as a Matter of Law

As explained above, Defendant "moves to dismiss Plaintiff's claims for breach of the implied covenant of good faith and fair dealing (Count II) and for insurance bad faith (Count III)." D.I. 7 at 1. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6]

As to Count II, Defendant contends that "Plaintiff's Complaint fails to state a claim for breach of the implied covenant because (1) it is based on the same conduct as the bad faith claim, which fails to state a claim, and (2) it fails to allege any facts that support any of the elements of an implied covenant claim." D.I. 7-1 at 1-2; *see id.* at 16-23.

As to Count III, Defendant contends that "Plaintiff's Complaint fails to state a claim for bad faith because the Complaint (1) alleges facts demonstrating that a *bona fide* coverage dispute exists and that Nationwide had reasonable justification for its claim denial, and (2) relies only on bald assertions and unsupported recitations of the elements of a bad faith claim[.]" *Id.* at 1; *see id.* at 7-15.

Plaintiff's Answer to Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (D.I. 11) ("Plaintiff's Opposition") does not dispute Defendant's assertion that Count II

---

[6] *McCurdy v. Wedgewood Cap. Mgmt. Co.*, No. CIV. A. 97-4304, 1999 WL 391494, at *3 n.6 (E.D. Pa. May 28, 1999); *see, e.g., Bonner v. Justia Inc.*, No. 318CV9187PGSLHG, 2019 WL 3892858, at *3 (D.N.J. Aug. 19, 2019) ("[A] motion to dismiss will prevail if the complaint lacks a cognizable legal theory for recovery or there if there are insufficient facts to support a cognizable legal theory."); *Election Integrity Project California, Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024) ("[W]e will affirm the dismissal of a claim if there is 'no cognizable legal theory' in support of the plaintiff's claim or 'an absence of sufficient facts alleged to support a cognizable legal theory.'"); *Carroll v. SGS N. Am. Inc.*, No. CV 16-537-SDD-RLB, 2018 WL 4001457, at *2 (M.D. La. Aug. 21, 2018) ("Dismissal under Rule 12(b)(6) is proper not only where the plaintiff fails to plead sufficient facts to support a cognizable legal theory, but also where the plaintiff fails to allege a cognizable legal theory.").

and Count III fail the federal pleading standard. *See generally* D.I. 11. As Defendant correctly notes, *see* D.I. 12-1 at 3, the only contention raised in Plaintiff's Opposition is that the Court should rule on Plaintiff's Motion to Remand (D.I. 3) before ruling on Defendant's Motion. *See* D.I. 12-1 at 3 ("Plaintiff spends 25 of the 31 paragraphs in his Answer to the Motion to Dismiss arguing the uncontroversial point that the Court should first confirm the jurisdictional issue raised in Plaintiff's Motion for Remand, before the Motion to Dismiss can be considered.").[7] Specifically, Plaintiff contends that "if Plaintiff were to litigate this matter now, without the determination of subject matter jurisdiction, Plaintiff would be unable to properly respond with the required applicable standard and would be significantly disadvantaged due to the higher standards imposed by the federal courts." D.I. 11 ¶ 21.

Importantly, as Defendant correctly notes, "Plaintiff makes no attempt . . . to demonstrate any factual pleadings in his complaint which might meet th[e] [federal pleading] standard in connection with Counts II and III." D.I. 12-1 at 4; *see id.* at 4-6. As explained earlier, "[w]hen a responding party fails to defend against an issue which is the subject of a motion, courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct." *In re Wilmington Tr. Sec. Litig.*, 2017 WL 2467059, at *2; *see Giffing*, 2023 WL 8764657, at *2.

With respect to both Count II and Count III, having considered the parties' respective contentions, the Court finds that Defendant has established that "the well-pled allegations [do not] plausibly plead a claim by raising a reasonable expectation there will be evidence of all elements of the claim." *Pollick v. McAndrew*, No. 22-1691, 2023 WL 4785513, at *1 (3d Cir. July 27, 2023)

---

[7] Defendant did not dispute this contention, *see* D.I. 12-1 at 3, which is now moot. *See* D.I. 16 at 5 (denying Plaintiff's Motion to Remand (D.I. 3)).

9

(nonprecedential); *see Tigo Energy Inc. v. SMA Solar Tech. Am. LLC*, No. CV 22-915-GBW, 2024 WL 964203, at *6 (D. Del. Mar. 5, 2024) ("'[A]ny claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action' must be dismissed."). Defendant has not convinced the Court that dismissal should be with prejudice, however.[8]

Thus, for the reasons stated above, the Court dismisses without prejudice Count II and Count III of Plaintiff's Complaint without prejudice. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 719 (3d Cir. 1996). As such, Plaintiff will be granted thirty (30) days to file an amended complaint curing the pleading deficiencies in Count II and Count III. *See Canidae, LLC v. Cooper*, No. CV 20-734(MN), 2021 WL 9598627, at *2 (D. Del. Feb. 5, 2021).

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's Motion. Plaintiff shall have thirty (30) days to file an amended complaint curing the pleading deficiencies in Count II and Count III. An Order consistent with this Memorandum Opinion will be entered.

---

[8] "The general rule in this Circuit is that an initial dismissal for inadequate pleading, like this one, is without prejudice, and [the Court] see[s] no reason to depart from that rule." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 387 (D.N.J. 2019).